Louis B. Heller, J.
Plaintiff wife seeks to bring a divorce action against her husband confined to the Central Islip State Hospital in Suff olk County since March, 1966.
*945 Plaintiff and her six children of the marriage (aged 7 through 16) are public assistance recipients. She has been adjudicated a poor person for the purpose of bringing a divorce action and a guardian ad litem was appointed for her disabled husband. The proposed guardian, however, refuses to consent to serve since it appears that neither plaintiff wife nor her husband, also an indigent, will be able to pay his fee.
Plaintiff now asks that another guardian ad litem be appointed and that the State of New York, or in the alternative, the City of New York, or the County of Suffolk be directed to pay the guardian’s fee, arguing that unless such direction is made, a guardian will be unwilling to serve, preventing her from bringing the action, thereby denying her equal access to our courts in violation of her constitutional right.
CPLR 1201 mandates that an adult incapable of adequately defending his rights shall appear by his guardian ad litem. The New York State Department of Mental Hygiene prohibits service of a summons on a patient, such as the husband, under its jurisdiction unless represented by a guardian (General Order No. 10; 14 NYCRR Part 22).
The Mental Health Information Service is charged by law to “ provide services and assistance to patients * * * and to the courts having duties to perform relating to the mentally disabled ”. (Mental Hygiene Law, § 29.09, subd. [b], par. 4.)
Under the circumstances it seems appropriate and proper that this agency act as guardian of the disabled husband to protect his rights. (Melecio v. Melecio, N. Y. L. J., July 7, 1972, p. 9, col. 5, Fein, J.) I do not now reach the question whether the State of New York, or in the alternative, the City of New York or Suffolk County is obligated to pay the fee of a guardian ad litem appointed on behalf of a disabled spouse in a matrimonial action, recognizing, however, that the other spouse may not be denied access to our courts because of inability to pay court costs and fees. (Boddie v. Connecticut, 401 U. S. 371; Jeffreys v. Jeffreys, 38 A D 2d 431, revg. 58 Misc 2d 1045 on other grounds.) Nor do I reach the question whether guardian ad litem fees are included in the term costs and fees nnder CPLR 1102.
So that plaintiff may bring her action, Alfred Besunder, as Director, Mental Health Information Service, Second Judicial Department, 16 Court Street, Brooklyn, New York City, is hereby appointed guardian ad litem of the disabled husband, Cesar Rodriguez.
Submit order on notice to Alfred Besunder, as Director of Mental Health Information. •